**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                                                                               Case No. _____

**SUAREZ H ERNANDEZ, ISRAEL**                                                    Chapter **13**
                                      Debtor(s)

# CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: **7/15/2013**                                                 ☐ AMENDED PLAN DATED: _____
☑ PRE ☐ POST-CONFIRMATION                                      Filed by: ☐ Debtor ☐ Trustee ☐ Other

## I. PAYMENT PLAN SCHEDULE

$ **400.00** x **60** = $ **24,000.00**
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____

TOTAL: $ **24,000.00**

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$ _____ x _____ = $ _____

PROPOSED BASE: $ **24,000.00**

## III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ **2,801.00**

Signed: **/s/ ISRAEL SUAREZ H ERNANDEZ**
             Debtor

             _____
             Joint Debtor

## II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
2. ☑ Trustee pays IN FULL Secured Claims:
Cr. **VILLACOOP** Cr. _____ Cr. _____
# **115119** # _____ # _____
$ **18,000.00** $ _____ $ _____
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:
_____
5. ☐ Other:
_____
6. ☐ Debtor otherwise maintains regular payments directly to:
_____
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
                       ☐ Paid 100% / ☐ Other: _____
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
**See Continuation Sheet**

Attorney for Debtor **Jose Prieto** _____     Phone: **(787) 607-2166**

CHAPTER 13 PAYMENT PLAN

IN RE SUAREZ H ERNANDEZ, ISRAEL _____  Case No. _____
                              Debtor(s)

# CHAPTER 13 PAYMENT PLAN
### Continuation Sheet - Page 1 of 1

**FAILURE TO TIMELY OBJECT TO THIS PLAN BY A CREDITOR CONSTITUTES A WAIVER OF THE EQUAL MONTHLY AMOUNT METHOD OF PAYMENT 11 USC 1325 (a)(5).**

**ATTORNEY'S FEES WILL BE PAID AHEAD OF SECURED CREDITORS PER 11 USC 330.**

**TAX REFUNDS, IF ANY ARE RECEIVED BY DEBTOR, WILL BE TENDERED TO THE TRUSTEE AS PERIODIC PAYMENTS TO FUND THE PLAN UNTIL PLAN COMPLETION IN ADDITION TO PAYMENTS ALREADY PROVIDED HEREIN. IF DEBTOR(S) NEED TO USE ANY PART OF THESE FUNDS, PROPER AUTHORIZATION WILL BE SOUGHT FROM THE COURT FOR SUCH PURPOSE.**

**DEBTOR WILL PROVIDE INSURANCE TO VILLACOOOP TROUGH EASTERN AMERICAN INS CORP.**

**DEBTOR CONSENT LIFT OF STAY IN FAVOR OF ORIENTAL BANK VEHICLE IN POSSESSION OF THIRD PARTY.**